UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID J. DEGORTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-03737-JMS-TAB |
| CLEARPOINT FEDERAL BANK & TRUST, MICHAEL H. DEVLIN, II, CURRAGH CAPITAL PARTNERS II, L.P., | ) ) ) ) ) |
| Defendants. | ) |

**ORDER ON DEFENDANT'S MOTION
FOR RECONSIDERATION OF MARCH 17, 2020, ORDER**

**I.   Introduction**

This matter is before the Court on Defendant Michael H. Devlin, II's motion for reconsideration [Filing No. 66] of the Court's earlier order granting Plaintiff David J. deGorter's motion for leave to amend his complaint. DeGorter filed a response in opposition. [Filing No. 71.] For reasons stated below, Devlin's motion for reconsideration is denied. As a result, this matter should be remanded to state court, based on a lack of diversity jurisdiction.

**II.   Background**

The underlying action alleges breach of contract and breach of common law duties, including fiduciary duties and tortious interference with an employment agreement. Devlin removed this case from state court to this Court on September 3, 2019, based on diversity jurisdiction. [Filing No. 1.] Subsequently, Devlin and Defendant ClearPoint Federal Bank & Trust ("ClearPoint") both filed motions to dismiss [Filing No. 10; Filing No. 25.] On January 31, 2020, the Court granted ClearPoint's motion to dismiss and granted Devlin's motion to dismiss in

part, dismissing the tortious interference with a contractual relationship claim against him. [Filing No. 50.]

On March 9, 2020, deGorter filed a motion seeking leave to amend his complaint to remove the claims that the Court dismissed, maintain certain remaining claims against Devlin, join as a defendant Curragh Capital Partners II, L.P. ("CCP"), and assert multiple claims against CCP. [Filing No. 58.] The proposed amended complaint raised no jurisdictional issues and asserted that CCP was a limited partnership with three partners, including Matthew B. Devlin (Defendant Michael Devlin's brother), who "is a citizen of a state (or country) other than North Carolina and is not domiciled in North Carolina." [Filing No. 58-1, at ECF p. 2.] On March 17, 2020, the Court granted deGorter's motion to amend [Filing No. 59], and deGorter filed the amended complaint one day later [Filing No. 60]. On March 30, 2020, Devlin filed his motion for reconsideration [Filing No. 66] of the Court's March 17 order, which now pends before this Court.[1]

**III.    Discussion**

In his motion for reconsideration, Devlin asks the Court to vacate its March 17 order granting deGorter's motion for leave to amend complaint because it allowed joinder of CCP as a defendant, which in turn destroyed diversity of citizenship subject matter jurisdiction. [Filing No. 66.] Devlin asserts in a declaration with his motion that CCP is a Delaware limited partnership with one general partner and one limited partner. [Filing No. 66-1, at ECF p. 1.] The general partner is Curragh Capital Partners Management, LLC ("CCPM"), which is a Delaware limited liability company with two members: (1) Devlin's brother, Matthew B. Devlin,

---

[1] Devlin requests that the Court hold oral argument on his motion. [Filing No. 66, at ECF p. 1.] This request is denied. The Court can address the motion without further argument.

and (2) Defendant Devlin. [Filing No. 66-1, at ECF p. 2.] Devlin further notes that his brother Matthew B. Devlin is a dual citizen of the United States and Canada and permanently resides in Canada. [Filing No. 66-1, at ECF p. 2.] If a member of a partnership is a United States citizen but permanently lives abroad, there can be no diversity jurisdiction, because the member is considered neither a citizen of the United States or of a foreign country. *See, e.g., Winforge, Inc. v. Coachmen Industries, Inc.*, 691 F.3d 856, 867 (7th Cir. 2012) ("[A] United States citizen who establishes domicile in a foreign country is no longer a citizen of any State of the United States and destroys complete diversity under 28 U.S.C. § 1332."). Therefore, Devlin contends that since his brother is a U.S. citizen domiciled in Canada, diversity jurisdiction is unavailable. [Filing No. 67, at ECF p. 12.] In his response, DeGorter does not dispute the facts in Devlin's affidavit. [Filing No. 71, at ECF p. 4.] DeGorter explains that he was unaware of the exact structure of CCP and that he was unaware that Matthew Devlin was a citizen of both countries; thus, deGorter agrees that CCP's joinder leaves the Court without diversity jurisdiction over claims against CCP. [Filing No. 71, at ECF p. 4.]

      Where the parties disagree is on how the Court should address the jurisdictional issue created by the joinder. Devlin asks the Court to reconsider and vacate its earlier order that allowed CCP's joinder and instead deny deGorter's request to amend his complaint and add CCP as a party. [Filing No. 66, at ECF p. 1.] DeGorter, by contrast, argues that the Court should deny Devlin's motion for reconsideration, allow CCP's joinder to remain, and thus remand the matter to state court, since the Court now lacks diversity jurisdiction. [Filing No. 71.] Both parties utilize the framework the Seventh Circuit adopted in *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009), to analyze factors many courts have applied in determining whether joinder is appropriate: "(1) the plaintiff's motive for seeking joinder,

3

particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder not allowed; and (4) any other relevant equitable considerations."

In relation to the first factor, Devlin contends that deGorter was aware of CCP at the time he filed his complaint and that there is no reasonable explanation for his delay. [Filing No. 67, at ECF p. 14.] He accuses deGorter of having an "improper motive" for seeking joinder of CCP now in order to get around the Court's prior order dismissing the breach of contract claim. [Filing No. 67, at ECF p. 14.] DeGorter, on the other hand, argues that his only motive in joining CCP is to assert meritorious claims. [Filing No. 71, at ECF p. 4.] In his reply brief, Devlin contends that deGorter's new claims are not "meritorious" but rather "recycle[ ] the same alleged oral agreement between [deGorter] and Devlin about the terms of [deGorter's] employment." [Filing No. 76, at ECF p. 1.] Devlin also claims that deGorter knew or should have known that adding CCP would defeat diversity jurisdiction. [Filing No. 76, at ECF p. 2-3.] DeGorter was granted the opportunity to file a surreply, in which he contends that Devlin's reply raises untimely new arguments and fails to meet the more stringent burden to demonstrate fraudulent joinder. [Filing No. 79, at ECF p. 1-2.]

The Court need not dive further into the back and forth arguments of the parties, however, as there is no evidence of fraudulent joinder in this case or that deGorter's motivation was to defeat federal jurisdiction. DeGorter sought to raise new claims against CCP in federal court after he was granted leave to amend his complaint, and neither side has presented evidence to the Court indicating that deGorter intentionally sought to join CCP in order to defeat diversity. Rather, it appears that deGorter, like the Court, was unaware of the jurisdictional issue until Devlin raised it in his motion for reconsideration.

4

As for the second factor, timeliness, Devlin focuses on the fact that almost seven months had passed since the original complaint was filed before deGorter filed his motion seeking leave to file the amended complaint. [Filing No. 67, at ECF p. 16.] However, as deGorter notes [Filing No. 71, at ECF p. 9], deGorter's amended complaint was his first and was filed within the time period the Court provided to amend or join additional parties. [Filing No. 45; Filing No. 57.] Therefore, the Court finds this factor does not weigh against deGorter.

Third, Devlin argues that deGorter will not be significantly injured if CCP is not joined, because he can still litigate against CCP in state court. [Filing No. 67, at ECF p. 17.] DeGorter responds that requiring him to pursue two lawsuits, in two different forums, would "impose a substantial burden (on both deGorter and the defendants), would needlessly consume judicial resources, and would inevitably invite inconsistent rulings and results." [Filing No. 71, at ECF p. 10.] The Court agrees that judicial economy and avoiding unnecessary duplicative costs weigh in favor of allowing the joinder to remain.

Finally, Devlin notes in the fourth "catchall" equitable considerations factor that other equitable considerations support vacating the prior grant of leave to amend, including Devlin's strong interest in litigating in federal court. [Filing No. 67, at ECF p. 17.] DeGorter instead focuses on the unnecessary drain on court resources in order to have duplicate proceedings as a reason weighing in favor of remand. [Filing No. 71, at ECF p. 11-12.] While the Court acknowledges Devlin's interest in litigating in federal court and in continuing forward with this matter after a certain level of time and work has already been completed, this does not outweigh the factors in favor of allowing the joinder and removal to state court.

Therefore, the Court finds that, on balance, the factors weigh in favor of allowing the joinder to remain and the matter to proceed in state court. Thus, Devlin's motion for

reconsideration [Filing No. 66] is denied, and this matter should be remanded, since the Court no longer has diversity jurisdiction. The Clerk is directed to effectuate the remand 21 days after this order issues absent any motion to reconsider, appeal, or further court order.[2]

## IV. Conclusion

For reasons stated above, Devlin's motion for reconsideration [Filing No. 66] is denied and diversity jurisdiction is destroyed. Therefore, this matter should be remanded to state court for further proceedings after 21 days absent any motion to reconsider, appeal, or further court order. To the extent this remand order is deemed dispositive, it shall be treated as a report and recommendation, and any party may appeal this remand order to the district judge within 14 days after service. Failure to appeal may result in a waiver.

Date: 5/13/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[2] The case law is not entirely settled as to whether a remand order is dispositive. *See, e.g., Johnson v. Globus Medical, Inc.*, No. 1:14-cv-730-SEB-MJD, 2015 WL 71035, at *1-2 (S.D. Ind. Jan. 5, 2015) ("The federal circuits are divided on their treatment of motions to remand decided by magistrate judges. Some circuits have held that motions to remand are not dispositive of any claim or defense, and thus magistrate judges can rule on those motions absent the parties' consent. Other circuits have determined that remand issues are case-dispositive matters and require a report and recommendation from the magistrate judge prior to disposition. . . . We concur with the opinions of the Sixth, Tenth, and Third Circuits and the majority of district courts in the Seventh Circuit that hold that remand issues are dispositive because a motion to remand conclusively terminates the matter in the federal court against the will of the party who removed the case."). *Cf. Archdiocese of Milwaukee v. Underwriters at Lloyd's, London*, 955 F. Supp. 1066, 1068 (E.D. Wis. 1997) ("Generally, the court would review the magistrate's decision only for clear error because a motion to remand is not a dispositive motion as defined by Fed. R. Civ. P. 72(b)."). Therefore, the magistrate judge addresses the remand issue as a report and recommendation, and builds in sufficient time to appeal prior to remand.

Distribution:

All ECF-registered counsel of record via email